IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHAIDON BLAKE,

      Plaintiff,

vs.               Case No. 21-3140-SAC

CORIZON HEALTH, et al.,

      Defendants.

**O R D E R**

  Plaintiff, pro se, has filed this action alleging violations of his constitutional rights in relation to his incarceration at the ElDorado Correctional Facility (EDCF). Plaintiff alleges medical malpractice and states that this case is brought pursuant to 42 U.S.C. § 1983.[1] This case is before the court for the purposes of screening pursuant to 28 U.S.C. § 1915A.

I. Screening standards

  Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. A court liberally construes a pro se complaint and applies "less stringent

---

[1] Title 42 United States Code Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . causes to be subjected, any citizen of the United States . . . to the deprivation of by rights, privileges, or immunities secured by the Constitution and laws [of the United States]."

1

standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). But, a pro se litigant is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). Conclusory allegations without supporting facts "are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997). However, "if the court can reasonably read the pleadings to state a valid claim on which the [pro se} plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority [or] his confusion of various legal theories." Hall, 935 F.2d at 1110.

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009). The court

2

may also consider the exhibits attached to the complaint. Id. The court, however, is not required to accept legal conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim. Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

A viable § 1983 claim must establish that each defendant caused a violation of plaintiff's constitutional rights. Walker v. Mohiuddin, 947 F.3d 1244, 1249 (10th Cir. 2020)(quoting Pahls v. Thomas, 718 F.3d 1210, 1228 (10th Cir. 2013)).

> Plaintiffs must do more than show that their rights were violated or that defendants, as a collective and undifferentiated whole, were responsible for those violations. They must identify specific actions taken by particular defendants, or specific policies over which particular defendants possessed supervisory responsibility…

Id. at 1249-50 (quoting Pahls); see also, Robbins v. State of Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008)("a complaint must make clear exactly who is alleged to have done what to whom").

II. The complaint

Plaintiff names as defendants: Corizon Health; Dr. Williams; Dr. Patel; Dr. Barone; and nurse practitioner Yarnell. Plaintiff broadly alleges a violation of his civil rights, deliberate indifference and gross negligence. His complaint also mentions malpractice.

Plaintiff's factual assertions are somewhat confusing. He states that he was misdiagnosed and prescribed medications for a chronic heart ailment that caused him to experience heart failure and permanent heart damage. He also claims that Dr. Barone prescribed plaintiff an anti-depressant for PTSD and Dr. Williams prescribed antihistamines for allergies and that these medications when mixed caused plaintiff permanent heart damage. Plaintiff further alleges that Dr. Patel and Yarnell continued plaintiff on these medications after reviewing plaintiff's charts.

Plaintiff claims that he suffered angina and "A-fib" two or three times a week which led to the prescription of nitro pills, blood thinners and other medication by Dr. Williams and Yarnell. Plaintiff asserts that he was admitted to a hospital because of his heart complications and was continued on the medications. According to plaintiff, a cardiologist at the hospital stated that the medications were not compatible and that the medications should be stopped. Plaintiff does not state who was told this by the cardiologist.

Plaintiff alleges that all the medications were stopped, but he also alleges that Dr. Patel and Yarnell refused to stop the heart medications that plaintiff states he "never should have taken." Plaintiff adds that Corizon did not implement a system to catch and prevent incompatible prescriptions.

4

Plaintiff claims that after he suffered more heart episodes requiring emergency care and a second cardiologist's consultation, his medications were changed. He does not say who made the changes.

Plaintiff asserts that he suffered heart damage that was documented by comparing two heart stress tests and a physical plaintiff was given before he was moved to Kansas from Maryland. He does not attribute the conclusion that he suffered permanent heart damage to a particular doctor.

Plaintiff does not allege a date for any of the events described in the complaint.

III. The complaint does not give fair notice of plaintiff's claims.

"[A] complaint must explain what each defendant did to [a plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated . . . . [T]hese are, very basically put, the elements that . . . permit[] the defendant sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits." Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2008).

Here, the complaint does not give fair notice to a defendant as to what plaintiff's claims are. It does not make clear what a particular defendant did to cause damage to plaintiff's heart through negligence or deliberate indifference. Plaintiff alleges

5

that he received the wrong heart medications and that he was harmed by the interaction of an antidepressant and antihistamines. But, the complaint does not clearly state what the prescriptions were, when the prescriptions were made, when they were stopped, who stopped the prescriptions, which prescriptions caused what harm, which prescriptions were made first, what the defendants did besides prescribe the medications in attending to plaintiff's health, or what each defendant did in reaction to plaintiff's heart problems. While all of this information might not be necessary to give fair notice of plaintiff's claims, what plaintiff has provided so far is insufficient, particularly when it is unclear what plaintiff claims caused his heart damage and it is unclear what defendants did in relation to the prescription of drugs and the treatment of plaintiff's heart issues.

IV. The complaint does not state a plausible claim of a constitutional violation.

Although the complaint does not expressly allege an Eighth Amendment violation, it appears that plaintiff is attempting to make that claim. The court concludes, however, that plaintiff's allegations fail to state a plausible Eighth Amendment claim.

To state a claim of an unconstitutional denial of medical care in a prison setting, plaintiff must allege omissions or acts which are sufficiently harmful to suggest deliberate indifference to serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 105

(1976). This standard has an objective and a subjective component. Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005)(quoting Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000)). The objective component requires that the medical care respond to a sufficiently serious medical need, such as one that has been diagnosed by a physician as requiring treatment or one so obvious that a layperson would recognize the need for medical attention. Id.

The subjective component "requires the plaintiff to present evidence" that an official "'knows of and disregards an excessive risk to inmate health or safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he [or she] must also draw the inference.'" Id., quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994). It is not enough to allege that prison officials failed "to alleviate a significant risk that [they] should have perceived but did not." Farmer, 511 U.S. at 838; see also Estelle, 429 U.S. at 105-06 ("[A]n inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'"). More than simple negligence or malpractice must be shown to demonstrate the subjective component of deliberate indifference. To reiterate, a plaintiff must show that a defendant consciously disregarded a substantial risk of serious harm. Mata, 427 F.3d at 752.

Plaintiff alleges that defendants did not take sufficient precautions before prescribing medication for plaintiff and that the interaction of the medications given plaintiff caused permanent heart damage.  These allegations do not describe the kind of gross negligence, recklessness or deliberate indifference that would support an Eighth Amendment claim. Walker v. McArdle, 2021 WL 3161829 *3 (7th Cir. 2021)(adverse drug interaction elevating risk of serotonin syndrome does not rise to constitutional violation); McCauley v. Groblewski, 2020 WL 6265069 *6 (1st Cir. 2020)(error in prescribing contraindicated medication at most suggests negligence); Peterson v. Creany, 680 Fed.Appx. 692, 697 (10th Cir. 2017)(prescription of generic version of drug that had been discontinued because of side effects is not deliberate indifference); Brown v. Prison Health Services, 159 Fed.Appx. 840, 841 (10th Cir. 2005)(allegation that diabetes medication was administered in spite of contraindicating information in prison medical file does not state an Eighth Amendment claim); Rose v. Bunts, 2014 WL 2964938 *4 (N.D.Ohio 6/30/2014)(failure to recognize possible drug interaction causing Dilantin levels in blood to fluctuate significantly does not describe an Eighth Amendment violation); Erickson v. Newberry, 2008 WL 2690719 *4 (D.Colo. 7/3/2008)(dismissing Eighth Amendment claim against prison official who administered codeine without reviewing medical chart for allergy warnings).

8

V. Plaintiff does not state a malpractice claim against Corizon.

It appears that the court may have diversity jurisdiction to hear a state law malpractice claim in this case. The law in Kansas, however, is that Corizon is not a "health care provider" as defined by K.S.A. 40-3401(f) and therefore is not subject to being sued for medical malpractice. Flores v. Nickelson, 2019 WL 1228234 *5 (D.Kan. 3/15/2019); see also Simmons v. Cline, 2020 WL 5802077 *1 (D.Kan. 9/29/2020).

VI. Conclusion

In conclusion, the court finds that plaintiff's complaint does not give fair notice of his claims; that his Eighth Amendment claims under § 1983 are subject to dismissal; and that he does not state a malpractice claim under Kansas law against defendant Corizon. The court shall grant plaintiff time until September 6, 2021 to show cause why his claims should not be dismissed or to file an amended complaint which corrects the deficiencies found in the original complaint. An amended complaint should be printed on forms supplied by the Clerk of the Court which may be supplemented.

**IT IS SO ORDERED.**

Dated this 6th day of August 2021, at Topeka, Kansas.


s/Sam A. Crow_____
U.S. District Senior Judge