IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


SHAIDON BLAKE,

                    Plaintiff,

vs.                                        Case No. 21-3140-SAC

CORIZON HEALTH, et al.,

                    Defendants.


**O R D E R**

This case is before the court for the purpose of screening plaintiff's amended complaint.  Doc. No. 7.  The court applies the same screening standards as set forth in the screening order for the original complaint.  Doc. No. 6, pp. 1-3.

I. The Amended Complaint

Plaintiff is an inmate in the Kansas correctional system. According to the amended complaint, he is a citizen of California. He alleges negligence, medical malpractice and Eighth Amendment violations.  Plaintiff names the following defendants:  Corizon Health ("Corizon"); Dr. Williams; Dr. Barone, Dr. Patel; and Nurse Practitioner Yarnell.  The first names of the individual defendants are not listed.

Plaintiff alleges that he has had several heart episodes, some requiring hospitalization, and suffered heart damage because medicine (perphenazine) prescribed by Dr. Barone for mental health

1

issues reacted adversely with antihistamines prescribed by Dr. Williams.   This occurred while plaintiff was at Lansing Correctional Facility.

Plaintiff was transferred to El Dorado Correctional Facility where his heart problems continued.   Plaintiff alleges that defendant Yarnell continued plaintiff on the medications. According to the amended complaint, on October 8, 2019, plaintiff had a video consultation with a cardiologist who ordered that plaintiff's medications be stopped because they were causing negative reactions.   Plaintiff alleges that the drug literature also mentioned possible heart side effects.  Dr. Patel and Yarnell, however, continued the medications.   Plaintiff had another heart episode and then discontinued the medications.   Plaintiff alleges that he had a second cardiology consultation and was informed that his heart had significant damage.

Plaintiff claims that Corizon did not have a system in place to prevent prescriptions of the incompatible medicines he received.

II. <u>Plaintiff does not state a plausible Eighth Amendment claim against Corizon.</u>

To state an Eighth Amendment claim for the denial of proper medical care, plaintiff must allege omissions or acts so harmful to suggest a deliberate indifference to serious medical needs. See <u>Estelle v. Gamble</u>, 429 U.S. 97, 105 (1976).   There is an

2

objective and a subjective component to this standard. <u>Mata v.</u>
<u>Saiz</u>, 427 F.3d 745, 751 (10th Cir. 2005). The denial of proper
medical care must concern, viewed objectively, a serious medical
need. <u>Id.</u> The subjective component requires a showing of
knowledge and disregard of an excessive risk to an inmate's health
or safety. <u>Id.</u>

While a private corporation like Corizon may be considered as
a person acting under color of state law for purposes of § 1983,
it may not be held liable based upon respondeat superior – that
is, solely because it employs someone who violated the
Constitution. See <u>Rascon v. Douglas</u>, 718 Fed.Appx. 587, 589-90
(10th Cir. 2017); <u>Spurlock v. Townes</u>, 661 Fed.Appx. 536, 545 (10th
Cir. 2016). To demonstrate Corizon's liability under § 1983 for a
violation of the Eighth Amendment, facts must show a policy or a
custom of Corizon that caused plaintiff's injury. <u>Wabuyabo v.</u>
<u>Correct Care Sols.</u>, 723 F. App'x 642, 643 (10th Cir. 2018) ("[T]o
state a claim against CCS, [Plaintiff] must identify an official
policy or custom that led to the alleged constitutional
violation."). Further, plaintiff must show that any Corizon
official who created the policy or custom of the company acted
with deliberate indifference with respect to plaintiff or persons
in plaintiff's position or that the policy or custom was
deliberately indifferent to a risk of serious harm to plaintiff or
persons in plaintiff's position. <u>Khan v. Barela</u>, 808 Fed.Appx.

602, 619 (10th Cir. 2020); see also Spurlock, 661 Fed.Appx. at 546 (dismissing claim against prison corporation for lack of evidence that defendant was on notice that its policy was substantially certain to result in a constitutional violation and consciously or deliberately chose to disregard the risk of harm).

Plaintiff has not alleged facts demonstrating a custom or policy, as opposed to a possible negligent application of a practice or policy, that caused plaintiff to be injured. Nor has plaintiff alleged facts showing that a custom or policy of Corizon was deliberately indifferent to a risk of serious harm. For these reasons, plaintiff's Eighth Amendment claims against Corizon shall be dismissed.

III. Service of summons

The court shall direct the Clerk of the Court to prepare waiver of service forms pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, to be served upon all defendants. Plaintiff shall be assessed no costs absent a finding by the court that plaintiff is able to pay such costs. Plaintiff has the primary responsibility to provide sufficient name and address information for the waiver of service forms or for the service of summons and complaint upon a defendant. See Nichols v. Schmidling, 2012 WL 10350 *1 (D. Kan. 1/3/2012); Leek v. Thomas, 2009 WL 2876352 *1 (D. Kan. 9/2/2009). So, plaintiff is warned that if waiver of service forms or summons cannot be served because of the lack of

4

name and address information, and correct address information is not supplied to the Clerk of the Court, ultimately the unserved parties may be dismissed from this action. See FED.R.CIV.P. 4(m).

## IV. Conclusion

The court directs that plaintiff's Eighth Amendment claim against defendant Corizon be dismissed and that the Clerk prepare waiver of service forms to be served upon all defendants.

**IT IS SO ORDERED.**

Dated this 4th day of October 2021, at Topeka, Kansas.

s/Sam A. Crow_____
U.S. District Senior Judge