IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHAIDON BLAKE,

      Plaintiff,

v.

CORIZON HEALTH et al.,

      Defendants.

Case No. 21-CV-3140-JAR-ADM

## MEMORANDUM AND ORDER

Plaintiff Shaidon Blake, proceeding *pro se*, brings a claim for deliberate indifference under the Eighth Amendment, and claims of negligence and gross negligence on the basis of improper medical treatment, against Defendants Corizon Health, Nurse Practitioner Scot Yarnell, and Drs. Rohitkim Patel and Jay Barone.[1] The Eighth Amendment deliberate indifference claim against Defendant Corizon was previously dismissed.[2] Defendants Corizon and Yarnell have now filed a Motion to Dismiss (Doc. 18), and Defendants Patel and Barone have filed a Motion to Dismiss (Doc. 20). Plaintiff failed to respond to either motion. For the reasons stated below, the Court grants the motions.

**I.**  **Legal Standard**

To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations that, assumed to be true, "raise a right to relief above the speculative level"[3] and must include "enough facts to state a claim for relief that is plausible on its face."[4]

---

[1] A fifth named Defendant, Dr. Williams, is now deceased.  Doc. 24.

[2] Doc. 8.

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216, at 235–36 (3d ed. 2004)).

[4] *Id*. at 570.

Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[5] The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully," but requires more than "a sheer possibility."[6] "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[7] Finally, the court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[8]

The Supreme Court has explained the analysis as a two-step process. For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'"[9] Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[10] Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[11] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12]

---

[5] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

[7] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[8] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

[9] *Id*. (quoting *Twombly*, 550 U.S. at 555).

[10] *Id.* at 678–79.

[11] *Id*. at 679.

[12] *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

Because Plaintiff proceeds *pro se*, some additional considerations frame the Court's analysis. The Court must construe Plaintiff's pleadings liberally and apply a less stringent standard than that which applies to attorneys.[13] "Nevertheless, [Plaintiff] bears 'the burden of alleging sufficient facts on which a recognized legal claim could be based.'"[14] The Court may not provide "additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[15] Additionally, a *pro se* litigant is not excused from complying with the rules of the court and is subject to the consequences of noncompliance.[16]

**II.    Factual Background**

Plaintiff is an inmate incarcerated by the Kansas Department of Corrections ("KDOC") at the El Dorado Correctional Facility ("EDCF"). He brings an Amended Complaint pursuant to 42 U.S.C. § 1983 asserting a claim for deliberate indifference under the Eighth Amendment and negligence/gross negligence or medical malpractice claims against Defendants Corizon, Yarnell, Patel, and Barone. Plaintiff alleges improper medical care because he was prescribed medication for his mental health while already being on medication for his heart.

Plaintiff specifically asserts that Dr. Barone prescribed perphenazine for Plaintiff's mental mood disorder, anxiety, and post-traumatic stress disorder, but Dr. Williams had already placed Plaintiff on antihistamines. While on these medications, Plaintiff asserts that he experienced several episodes of heart trauma requiring emergency assistance. Dr. Williams then prescribed Plaintiff nitroglycerin to take during every heart episode, which started to occur more

---

[13] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997) (citation omitted).

[14] *Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[15] *Whitney*, 113 F.3d at 1174 (citing *Hall*, 935 F.2d at 1110).

[16] *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

3

frequently. In mid-2019, Plaintiff experienced an extreme heart episode that required an emergency transport to a hospital in which he stayed for approximately seven days. During the visit, no reason for the attack could be found. Plaintiff was ordered by Dr. Williams and Dr. Patel to continue the prescribed medications.

Plaintiff was transferred to EDCF, and Nurse Practitioner Yarnell reviewed Plaintiff's medical charts during a medical visit. Yarnell placed Plaintiff on 24-hour observation to come up with a medical plan to address the episodes. Yarnell instructed Plaintiff to continue his prescriptions but was unable to figure out what was causing the episodes, so he scheduled a consult with a cardiologist.

On October 8, 2019, Plaintiff had a video consultation with cardiologist Dr. Ashroth, during which he ordered Plaintiff to cease all medications. Plaintiff alleges that Dr. Ashroth stated that the mixture of medications was causing the negative reactions. Plaintiff contends that both Dr. Patel and Nurse Practitioner Yarnell instructed him to continue the prescribed medications. Specifically, Plaintiff contends that Yarnell disagreed with Dr. Ashroth and told Plaintiff that if he wanted to live, he needed to continue taking his medications as prescribed.

Plaintiff continued taking his medications, experienced another heart episode, and was given a heart monitor to record his heart rhythm for two weeks. During this time, Plaintiff stopped his medication and did not have any adverse episodes. Plaintiff contends that the medicine information for perphenazine states that the drug may cause fast or irregular heartbeat, severe dizziness, heart failure, heart valve problems, and has adverse effect with antihistamines.

Plaintiff asserts that by continuing him on the combination of medication, despite Dr. Ashroth's warning and the stated medication dangers, Defendants acted with deliberate indifference. He contends that Corizon has an algorithm in place to catch medications that are

not compatible but failed to use it. Plaintiff alleges that each Defendant had a duty to protect him and that once warned by the specialist, they had a duty to listen to the specialist's recommended treatment. Plaintiff contends that the heart monitor showed that his heart has significant damage and that the damage is now permanent. He asserts that the damage is due to the doctors' gross negligence of prescribing medications that are incompatible. Plaintiff also asserts that Defendants consciously disregarded the substantial risk of serious harm by ignoring the cardiologist and not doing their due diligence in researching the prescribed medication. Plaintiff requests compensatory and punitive damages, but he does not assert any amount.

### III.     Discussion

On October 4, 2021, the Court screened Plaintiff's Amended Complaint and dismissed the Eighth Amendment deliberate indifference claim against Defendant Corizon. All Defendants have now filed motions to dismiss. Defendants Corizon and Yarnell contend that Plaintiff fails to state an Eighth Amendment claim and that the Court should decline to exercise supplemental jurisdiction over the state law claims. Defendants Barone and Patel assert that Plaintiff fails to adequately plead that he exhausted his administrative remedies prior to filing suit, that Plaintiff fails to state a claim for deliberate indifference under the Eighth Amendment, and that the Court should decline to exercise supplemental jurisdiction over any remaining state law claims.

Plaintiff has not responded to Defendants' motions to dismiss, leaving Defendants' motions uncontested. As a result of Plaintiff's failure to respond, the Court grants Defendants' motions. The Court also grants Defendants' motions to dismiss because Plaintiff fails to state a claim under federal law. Because the Court dismisses Plaintiff's federal claim, it declines to exercise supplemental jurisdiction over Plaintiff's state law claims. To the extent that Plaintiff

may have attempted to allege diversity jurisdiction, he failed to do so, and the Court does not have diversity jurisdiction.  Thus, all of Plaintiff's claims are dismissed.

### A. Failure to Oppose Defendants' Motions to Dismiss

On December 3, 2021, Defendants filed motions to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.[17]  Plaintiff's response was due 21 days later, on December 27, 2021.[18]  To date, Plaintiff has not responded to Defendants' motions to dismiss.  When a party fails to respond to a dispositive motion, the local rules provide the party has waived the right to file a response except upon a showing of excusable neglect.[19]  Absent a showing of excusable neglect, "the court will consider and decide the motion as an uncontested motion" and "[o]rdinarily, the court will grant the motion without further notice."[20]

Because plaintiff failed to respond to Defendants' motions to dismiss within 21 days and has not made a showing of excusable neglect, the Court grants Defendants' motions as uncontested.

### B. Failure to State a Claim Upon Which Relief Can Be Granted

Plaintiff contends that Defendants acted with deliberate indifference to his medical needs, in violation of the Eighth Amendment.  Defendant Yarnell asserts that Plaintiff's factual allegations do not show that he was deliberately indifferent toward Plaintiff's health or safety.[21]

---

[17] Docs. 18, 20.

[18] *See* D. Kan. R. 6.1(d)(2).

[19] D. Kan. R. 7.4(b).

[20] *Id.*

[21] The Eighth Amendment claim against Defendant Corizon was previously dismissed.

Defendants Barone and Patel also contend that Plaintiff fails to adequately allege that they were subjectively deliberately indifferent to Plaintiff's medical needs.[22]

Prison officials violate a prisoner's right to medical care "when they act deliberately and indifferently to serious medical needs of prisoners in their custody."[23] "Deliberate indifference has both an objective and subjective component."[24] To meet the objective component, "[t]he medical need must be sufficiently serious."[25] A medical need is sufficiently serious "if the condition 'has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'"[26] "Where the necessity for treatment would not be obvious to a lay person, the medical judgment of the physician, even if grossly negligent, is not subject to second-guessing . . . ."[27] The subjective component requires a showing that the defendant prison official "knows of and disregards an excessive risk to inmate health and safety."[28] It is settled that a prison physician is "free to exercise his or her independent professional judgment[,] and an inmate is not entitled to any

---

[22] Defendants Barone and Patel also assert that Plaintiff does not adequately allege that he exhausted his administrative remedies before bringing suit. Although the Prison Litigation Reform Act ("PLRA") requires an inmate to exhaust his administrative remedies before filing suit under § 1983, the exhaustion requirement is an affirmative defense. *See Jones v. Bock*, 549 U.S. 199, 215–16 (2007); *Roberts v. Barreras*, 484 F.3d 1236, 1240−41 (10th Cir. 2007). Because Plaintiff is not required to plead or demonstrate exhaustion in his complaint, and the Court would have to consider Defendants' contention in the context of an affirmative defense, the Court will not address it.

[23] *Goss v. Bd. of Cnty. Comm'rs of Creek Cnty.*, 645 F. App'x 785, 793 (10th Cir. 2016) (quoting *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999)).

[24] *Hunt*, 199 F.3d at 1224 (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

[25] *Id.*

[26] *Al–Turki v. Robinson,* 762 F.3d 1188, 1192–93 (10th Cir. 2014) (quoting *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001)).

[27] *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (citing *Green v. Branson*, 108 F.3d 1296, 1303 (10th Cir. 1997)).

[28] *Farmer*, 511 U.S. at 837.

particular course of treatment."²⁹  This standard requires a prisoner to establish a "deliberate refusal to provide medical attention, as opposed to a particular course of treatment."³⁰

Here, Plaintiff's allegations do not rise to the level of deliberate indifference.  As to the factual allegations against Barone and Patel, Plaintiff simply alleges that Barone prescribed perphenazine for Plaintiff's mental health conditions, and Patel put Plaintiff back on perphenazine after Plaintiff stopped taking all his medications.  With regard to the allegations against Yarnell, Plaintiff alleges that Yarnell disagreed with the cardiologist's recommendation that Plaintiff stop all medications and instead advised him to continue taking his medications if he wanted to live.  There are no allegations that any Defendant was subjectively aware that the combination of medications for Plaintiff's heart condition and mental health were causing an excessive risk to Plaintiff's health and safety.  Nor are there any allegations that any Defendant disregarded an excessive risk to Plaintiff's health or safety.  Instead, the allegations demonstrate that Defendants were exercising their medical judgment.³¹  Furthermore, "a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation."³²  Thus, Plaintiff's allegations against Defendants Yarnell, Barone, and Patel fail to state a claim for a constitutional violation under the Eighth Amendment.

---

²⁹ *Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006) (quoting *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996)).

³⁰ *Fleming v. Uphoff*, 2000 WL 374295, at *2 (10th Cir. Apr. 12, 2000) (citation omitted).

³¹ As noted above, a prison physician is free to exercise his independent professional judgment.  *Callahan*, 471 F.3d at 1160.

³² *Perkins v. Dep't of Corrs.*, 165 F.3d 803, 811 (10th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)); *see also Handy v. Price*, 996 F.2d 1064, 1067–68 (10th Cir. 1993) (affirming that a quarrel between a prison inmate and the doctor as to the appropriate treatment for hepatitis did not successfully raise an Eighth Amendment claim).

### C.     No Supplemental Jurisdiction Over State Law Claims

Plaintiff's remaining claims for negligence/gross negligence or medical malpractice are brought under Kansas law.[33]  The Court may decline to exercise supplemental jurisdiction if only issues of state law remain after the court has dismissed all federal claims.[34]  Supplemental jurisdiction "is exercised on a discretionary basis, keeping in mind considerations of judicial economy, convenience and fairness to the litigants."[35]  Ordinarily, if no federal claims remain before trial, the court should decline to exercise supplemental jurisdiction over the remaining state law claims.[36]  Because the Court finds that Plaintiff's federal claim is subject to dismissal, the Court exercises its discretion and declines to assert supplemental jurisdiction over any remaining state law claims.[37]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants Corizon and Yarnell's Motion to Dismiss (Doc. 18) is **granted**.

**IT IS FURTHER ORDERED THAT** Defendants Patel and Barone's Motion to Dismiss (Doc. 20) is **granted**.

**IT IS SO ORDERED.**

Dated: February 11, 2022

---

[33] It is well settled that a claim of medical malpractice or negligence is not actionable under the Eighth Amendment.  *Estelle*, 429 U.S. at 104–06.

[34] 28 U.S.C. § 1367(c)(3).

[35] *Bauchman for Bauchman v. W. High Sch.*, 132 F.3d 542, 549 (10th Cir. 1997).

[36] *Id.*

[37] In Plaintiff's Amended Complaint, he states under the jurisdictional section that he is a citizen of California, and Defendants are citizens of Kansas.  To the extent Plaintiff attempts to allege diversity jurisdiction, he fails to do so.  Federal jurisdiction based on diversity requires a showing of complete diversity of citizenship between the parties and an amount in controversy that exceeds $75,000.  28 U.S.C. § 1332(a); *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013).  Although Plaintiff contends that the parties are diverse, he fails to allege an amount in controversy that exceeds $75,000.  Plaintiff does not allege any monetary damages in his Amended Complaint and simply states that he seeks compensatory and punitive damages.  Thus, there is no basis for diversity jurisdiction.

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE